CASE 20—INDICTMENT—JUNE 13.

# Coppage vs. Commonwealth.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. On the trial in the circuit court the defendant's attorney, *for the sole purpose, as avowed,* of showing the self-contradiction or frailty of the memory of a witness for the Commonwealth, offered the written statement of the testimony of the witness before the examining court which he had subscribed after the examining trial; to which the prosecuting attorney objected; but the court admitted it, and thereupon, said that *"the defendant's attorney had let down the fence, and that all is now before the jury."* This voluntary declaration was ultrajudicial and misleading. It erroneously implied not only that the written statement was evidence of all the facts contained in it, but also that it was the more impressive as proof offered by the accused himself. While that written statement was competent for the purpose for which it was read, it was incompetent as evidence of the truth of the facts it recited.

2. Oral declarations of the court, which are virtual instructions, being merely oral, are illegal, according to the Criminal Code.

W. W. TRIMBLE and
A. H. WARD,                    For Appellant,

CITED—

     2 *Met.,* 391 ; *Rutherford vs. Commonwealth.*

     2 *Duvall,* 531 ; *Hudson vs. Commonwealth.*

     1 *Greenleaf on Ev.,* sec. 220, &c.

     2 *Met.,* 24 ; *Champ vs. Commonwealth.*

JOHN RODMAN, Attorney General,         For Appellee,

CITED—

     3 *Met.,* 13 ; *Burns vs. Commonwealth.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

Sentenced to the penitentiary for two years on an indictment for the *arson* of a church, the appellant seeks

a reversal of the judgment of conviction on the sole ground of imputed error in impressing on the jury incompetent evidence.

After the constable, who apprehended him, had testified that he freely confessed his guilt, his counsel, *for the sole purpose, as avowed,* of showing that witness's self-contradiction or frailty of memory, offered his own written statement of his testimony before the examining court which he had subscribed after the examining trial; to which the prosecuting attorney objected; but the court admitted it; and thereupon, said that "*the defendant's attorney had let down the fence, and that all is now before the jury.*"

This voluntary declaration was ultra-judicial and misleading. It erroneously implied not only that the written statement was evidence of all the facts contained in it, but also that it was the more impressive as proof offered by the accused himself.

Now, while that written statement was certainly competent for the purpose for which it was read, it was as certainly incompetent as evidence of the *truth of the facts it recited;* and, therefore, this unnecessary and *significantly illustrative* interference by the circuit judge was an error in law, and was probably the more misleading as indicating that it was stamped with the appellant's own recognition of the truth of the facts so stated.

We cannot speculate on the actual effect of this blunder. It is sufficient for this court to know that it was wrong, *and may have operated to the prejudice of the appellant.* Moreover, the declaration, *which was a virtual instruction,* was merely oral, and was therefore *illegal,* according to the Criminal Code of Practice.

Wherefore, the judgment of conviction is reversed, and the cause remanded for a new trial.