### RICHARD WALKER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—44, 46.]

**Order of Introduction of Evidence.**

The trial court has a wide discretion in the matter of the order in which evidence is introduced in the trial of a criminal case, and this court will not reverse unless manifest abuse of such discretion is shown.

**Proof of Malice.**

Malice, like any other fact, must be proven in the trial of a case where malicious wounding is charged, but this may be done by circumstantial evidence from which the jury may infer malice.

**Form of Verdict.**

While, in the trial of a criminal cause, the verdict is required to be declared by the foreman of the jury, a verdict saying "We the jury find the defendant guilty as charged in the within indictment and fix his punishment at one year in the state penitentiary," and it is signed J. H. Yazer, one of the jury, and the judge adds a word or two to it and then has it returned over again, the accused is not prejudiced by the alteration and by the fact that the signer of the verdict signs himself as one of the jury instead of foreman.

APPEAL FROM MARION CIRCUIT COURT.

June 4, 1885.

OPINION BY JUDGE HOLT:

In this prosecution for malicious wounding, each side offered its testimony, and upon announcing that they were through doing so, the court adjourned until the next day. It then permitted the state to introduce a witness, whose testimony related to what occurred when the cutting was done and the circumstances of which had been detailed the day before by the witnesses of both the state and the defendant. Waiving the point that the testimony of this last witness

was to some extent in rebuttal, and considering it as if entirely in chief, yet the lower court had a wide discretion in the matter, and unless manifestly abused, it is not ground for reversal. This does not seem to have been done in this instance, and there is nothing whatever tending to show that there was any object in view save the development of the truth. There was no refusal by the court to give time to rebut the testimony, in fact no delay was asked.

This instruction was asked by the defendant and in our opinion properly refused: "The court instructs the jury that malice can not be inferred, but must be proved to the exclusion of a reasonable doubt before they can find defendant guilty as charged in the indictment."

Malice, like any other fact, must be proven, but this may be done by circumstantial evidence from which the jury may infer it, and it would have been misleading if they had been told that it could not be inferred.

Moreover, they were substantially told in the first instruction that was given that they must, from the evidence, believe to the exclusion of a reasonable doubt that the wounding was done maliciously, or they could not convict.

The Criminal Code provides that the foreman of the jury must declare the verdict. In this case, as returned and read by the foreman, it was in these words: "We, the jury, find the defendant guilty as charged in the within indictment and fix his punishment at one year in the State Penitentiary.

J. A. Yazer, one of the jury."

The court thereupon added to the words "year" the letter "S," and immediately after it the word "confinement;" but it was not then as corrected read by the foreman, but the jury was polled by the defendant and discharged. The defendant then objected to any judgment upon the verdict, and thereupon the jury were recalled, and the verdict as amended by the court, read to the foreman. The appellant now complains of this action. It is difficult to see in what way he could have been prejudiced by it. The amendment by the court was in fact immaterial and unnecessary.

The verdict was already sufficiently certain to authorize a judgment, and it is affirmed.

Judgment *affirmed*.

*W. E. & S. A. Russell, for appellant.*
*Finley Shuck, for appellee.*