# Houston v. Commonwealth.

(Decided Oct. 8, 1937.)

W. L. HAMMOND and W. J. STONE for appellant.

HUBERT MEREDITH, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

At about 7 p. m. on the 10th of January, 1937, John Houston, a man about 50 years of age, in a jealous rage stabbed to death Lucy Williams, aged about 42 years, in her room in the rear of a hotel in Middlesboro, Ky. He was charged by indictment with murder and was further charged in that indictment with having been convicted of malicious cutting and wounding in the Hopkins circuit court on the 2d day of October, 1909; with having been convicted of murder on the 2d day of April, 1913, in the Vanderburgh circuit court in the state of Indiana; and with having been convicted upon a charge of malicious cutting and wounding by the Bell circuit court (Ky.) on the 22d day of its May term, 1934.

To the indictment against him the defendant entered a plea of guilty and, upon his trial under this charge and plea, his punishment was fixed by the jury at death. His motion for a new trial having been overruled, he appeals and relies for reversal upon three alleged errors of the court.

### Evidence.

The first is that the commonwealth was permitted over his objection to introduce evidence, but we have held that under such a plea the commonwealth may introduce evidence to increase, or the accused to mitigate, the punishment to be inflicted by the jury. See Cornelison v. Com., 84 Ky. 583, 2 S. W. 235, 8 Ky. Law Rep. 793; Mounts v. Com., 89 Ky. 274, 12 S. W. 311, 11 Ky. Law Rep. 474; Williams v. Com., 80 S. W. 173, 25 Ky. Law Rep. 2041. The punishment that may be imposed upon one charged with murder is fixed by Section 1149 of our statutes at death or life imprisonment in the discretion of the jury, while the punishment imposed by Section 1130 of our statutes upon one convicted of a felony, where two or more former convictions of felony are charged and proven, is only life imprisonment.

Over the objections of the accused, the commonwealth was allowed to prove the averred former convictions by introducing the records which in view of his plea of guilty was, to say the most of it, useless.

### Instruction.

The defendant took the stand and testified in his own behalf and insists that he was entitled to instructions upon manslaughter and self-defense, but he never withdrew his plea of guilty, which he might have done (Johnson v. Com., 254 Ky. 775, 72 S. W. (2d) 472), hence there was no error in the instruction given which was simply this:

"Gentlemen of the Jury: The defendant, John Houston, has entered a plea of guilty to the charge of the indictment in this case. You will therefore find the defendant, John Houston, guilty of wilful murder as charged in the indictment and fix his punishment at death or at confinement in the State Penitentiary for life in your discretion according to the proof. James M. Gilbert, Judge."

### Error of the Judge.

After the jury had retired to their room and had considered the case for a while, this occurred:

"The jury returned to the court room and asked the following question: 'Under this indictment under the Habitual Criminal Act, if we give this man life, would that prevent him being pardoned under this Habitual Criminal Act?' Judge: 'No, it would

not prevent that.' Counsel for defendant excepts to the question asked and the ruling of the court on the question. Judge: 'I didn't rule on it, I just answered it.' Defendant excepts, to the answer.. The jury retired and soon came in and their names were called by the Clerk of the. court, each one an-swering to their name. Judge: 'Have you reached a verdict, gentlemen?' Foreman: 'Yes we, the jury, do agree and fix the punishment at death.' Judge: 'So say all of you, gentlemen?' Answer: 'Yes.' Judge: 'Let me suggest that you correct the verdict to this extent: "We, the jury, do agree and find the defendant guilty, and fix his punish-ment at death."' The foreman of the jury, Mr. Hill, interlined the above suggestion of the Judge in the verdict, and read it as corrected. Judge: 'Is that the verdict of all of you; if not, let me know.' No one answered."

In our Criminal Code of Practice there is this pro-vision:

"Sec. 249. After the jury retires for deliberation, if there be a disagreement between them as to any part of the evidence, or if they desire to be in-formed on a point of law, they must require the officer to conduct them into court. Upon their being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties."

The question asked by the jury related solely to what a co-ordinate branch of the government could do, which was a point of law that was not involved in this case and not one of this jury's concern, and instead of answering the question as he did the court should have said something like this:

"Section 225 of the Criminal Code of Practice re-quires me to give you in writing all the law of the case and I have done so in the instruction I have given you. That is all I am allowed to tell you."

In the case of Postell v. Com., 174 Ky. 272, 192 S. W. 39, 44, this court learned, in some way, a similar question and answer had been made, and although it did not appear in the bill of exceptions, that judgment was reversed for other reasons. This court regarded what was said and done there of enough importance to con-demn it "for the guidance of the trial and other courts.

128

in the future." Many sessions of the General Assembly have since come and gone, and no attempt has been made to change the interpretation we then made of section 249 of the Criminal Code of Practice so we still adhere to what we said of it in the Postell Case, and hence we regard what was said and done in this case as reversible error.

### The Change in the Verdict.

We have set out above the verdict as it was returned and the amendment the court had the jury to make before it was discharged. We have frequently approved such action. See Walker v. Com., 7 Ky. Law Rep. 44, 13 Ky. Op. 508; Taggart v. Com., 104 Ky. 301, 46 S. W. 674, 20 Ky. Law Rep. 493; Williams v. Com., 140 Ky. 34, 130 S. W. 807.

That was not error, but for the error of the Judge in answering as he did the question asked by the jury, this judgment is reversed.

Whole court sitting.