## Trent v. Commonwealth.

November 30, 1948.

Astor Hogg for appellant.

A. E. Funk, Attorney General, and Armand Angelucci, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Reversing.

Appellant was found guilty of seduction under promise of marriage (KRS 436.010) the jury fixing punishment at one year's confinement in the Reformatory. Grounds relied upon for reversal are:

(1) The court erroneously refused to set aside the swearing of the jury when the Commonwealth's attorney persisted in asking prejudicial questions. (2) Misconduct of the jury and Commonwealth's attorney. (3) The verdict is flagrantly against the evidence. (4) Erroneous instruction to the jury.

The prosecuting witness, a crippled girl who was twenty years old at the time of the alleged occurrence, said that she had known appellant about four years, but that he had told her his name was "Inez." She fixed the date of the relation March 10, 1946. She said she and her brother were going toward No. 1 mine, and appellant in an automobile stopped and asked if they wanted to ride. They got in the car and at No. 1 the brother got out. Appellant said he would go to the ball park and turn, but he kept going until he got above the Benham schoolhouse. Witness did not go into detail, but said the relations took place at that point, and that this was the only time of such relation. She said he had "come to see her, but not regularly." Asked why she had "permitted that conduct," she replied "he promised to marry me." The father of prosecutrix testified that he knew appellant slightly, and had seen her with him once or twice, but he had never been at the home to see her.

Trent, who lived at Lynch, said he was 19 years of age, and that he had known prosecutrix for several years; had seen her at the "Coffee Shop." He said she was not his sweetheart, and he had never gone with her at any time; that he and a boy named Adkins were parked near the Lynch Theater, and prosecutrix, who was with her brother, asked him to take them to No. 1;

this was about seven o'clock. They drove to No. 1, and the brother got out. He said the three drove back to Lynch; she got out and appellant and Adkins went to the show, and this was the only time he was ever with her, and that during the drive Adkins was in the car at all times. He denied that he at that or any other time, had improper relations with her or had ever thought of or suggested marriage. Adkins was in the service and at time of trial in Japan. Trent denied that he had told her his name was "Inez."

He testified that from March 10, 1946, until after he was indicted (October 1947) he had never heard of any rumor or claim that he had been guilty of improper conduct toward prosecutrix. He said he was not in Harlan County on March 10, 1946, and from February until the latter part of 1946 was working in Morristown, Tennessee; his mother and father corroborated him.

The testimony of prosecutrix is not any too impressive, though it may be admitted it was sufficient to take the case to the jury. The girl did not even know the name of the young man she said she had known for several years. The contract to marry, if there was such, was rather precipitate, on the spur of the moment, lacking in the usual element of some show of courtship. However, there was an error committed, which under the circumstances may have influenced the jury.

During the taking of evidence there was no mention of a baby. Prosecutrix did not say that a child had been born, or if born was begotten by appellant. However, after the jury had retired two of the jurors returned to the courtroom and one asked "if that was her baby." Whether this question was addressed to the Judge is not shown, but it is shown that the Commonwealth's attorney said in response, "You are not supposed to know anything about the baby." The court overruled appellant's motion to discharge the jury and gave no admonition.

The proceeding here was not in conformity with Sec. 249 of the Criminal Code, which provides: "After the jury retires for deliberation, if there be a disagreement between them as to any part of the evidence, or if they desire to be informed on a point of law, they must require the officer to conduct them into court. Upon their

being brought into court, the information required must be given in the presence of, or after notice to, the counsel of the parties.''

Here the baby had not been made the subject of proof. Counsel suggests that appellant was entitled to a trial by twelve jurors, and that it is purely problematical what report the two jurors made upon their return, if they did in fact report. It is argued that the baby, if not in the case, was in the minds of the jurors, otherwise there was no reason for the query, and that the Commonwealth's attorney assumed to act for the Judge; that the reply of the attorney was such that might cause the inference that the baby was a child of prosecutrix, and was begotten by appellant in the one alleged improper act charged. There is nothing to show what the two jurors reported to the grand jury. One surmise is as good as another.

The argument is that under the Code provision the Judge should have called the entire jury in and admonished them, or answered their query in a proper way, so as to leave no doubt in their minds as to their duty; 1ere it would have been proper to have said to the jury: ''Gentlemen, I have given you instructions in writing. You have heard the testimony. It is your duty to consider only such testimony as has been presented, and disregard any fact or circumstance not presented in proof, and apply the law as given to the proof you have heard.'' We suggested this procedure in Houston v. Commonwealth, 270 Ky. 125, 109 S. W. 2d 45, which was reversed because of an erroneous statement, not by the Commonwealth's attorney but by the Court. We are of the opinion that this procedure was erroneous and constituted reversible error.

The alleged error in instructions did not work to the prejudice of appellant, as the proof was clear that the act, if it occurred, was within four years of the prosecution. KRS 436.010 fixes a limitation and requires the prosecution to begin within four years of the act alleged. This limitation should be incorporated in all instructions under the statute.

Because of the one above mentioned error the judgment is reversed with directions to grant a new trial.

Judgment reversed.