**Boone JONES, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 25, 1966.

Terry L. Hatchett, Glasgow, for appellant.

Robert Matthews, Atty. Gen., Lloyd R. Cress, Asst. Atty. Gen., Frankfort, for appellee.

HILL, Judge.

By this appeal Boone Jones seeks to reverse his conviction under the Habitual Criminal Act, KRS 431.190, under which he received a life sentence. He maintains in the exhaustive brief filed by his court-appointed attorney that (1) his substantial rights have been violated by failure of the Commissioner of Mental Health to examine him pursuant to KRS 203.340, and failure of the trial court to require a bill of particulars; (2) KRS 431.190, known as the Habitual Criminal Act, is unconstitutional; (3) the evidence was not sufficient to convict; and (4) the instructions were erroneous.

The prime offense charged in the indictment was storehouse breaking. The first felony conviction was described in the indictment as having been accomplished in the Barren Circuit Court April 26, 1949, on a charge of rape, and the second conviction alleged was obtained in the Warren Circuit Court January 22, 1958, on a charge of forgery.

Appellant and one Melvin Pedigo were caught inside the store of Richardson Brothers at Eighty Eight, Kentucky, on the night of May 2, 1965. They were held at bay until the sheriff arrived.

On May 24, 1965, the trial judge wrote a letter to the superintendent of Western

State Hospital requesting that appellant be examined by a psychiatrist and a report of such examination be made as directed by KRS 203.340. The letter was answered by Dr. J. Wysocki, Clinical Director of Western State Hospital, in which he stated the examination could not be made before June 1 due to holidays between May 28, the date of his letter, and June 1. Appellant was never examined.

In discussing a similar question raised under the last-mentioned statute, this court said in Harrod v. Commonwealth, 311 Ky. 810, 226 S.W.2d 4, 8 (1950), that:

"The purpose of the Act is to permit the Department of Welfare to determine whether one indicted under the Habitual Criminal Act should be a charge of that Department of the State in one of its penal institutions or in one of its mental hospitals. * * * That this was the sole intent of the Legislature in passing the Act may be gathered from subsection (3), where it permits the director of the Department to decline to inquire into the mental condition of the prisoner. It is manifest that the prisoner acquires no right to such an examination under the statute itself."

The right of a prisoner whose sanity is in doubt is governed by RCr 8.06, the pertinent part of which is as follows:

"If upon arraignment or during the proceedings there are reasonable grounds to believe that the defendant is insane, the proceedings shall be postponed and the issue of sanity determined as provided by law."

There was no question of sanity raised at any time by appellant or his attorney.

■ There was no violation of the substantial rights of appellant in connection with his mental situation.

Appellant complains he was entitled to a bill of particulars under RCr 6.22. He moved for such bill on June 4, 1965, the day of his trial. RCr 6.22 provides: "The court for cause shall direct the filing of a bill of particulars. A motion for such bill may be made at any time prior to arraignment, or thereafter in the discretion of the court."

■ The indictment charges defendant was caught inside the store of another and gave the dates, charges, courts in which he had twice before been convicted and stated that the crimes were committed progressively. What else was there to state in the indictment? We find appellant was not entitled to a bill of particulars. He was fully apprised of the detailed nature of the charges against him.

It is next argued on behalf of appellant that inasmuch as there has recently been "an evolution and a revolution in thinking with regard to punishment for crime, and with reference to rights of the accused in very recent past," this court should re-examine its long line of cases upholding the constitutionality of habitual criminal laws of this State and declare those laws unconstitutional. Since long before the end of the last century, habitual criminal laws have been upheld in this jurisdiction. Cf. Taylor v. Commonwealth, 3 Ky.Law Rep. 783; Chenowith v. Commonwealth, 11 Ky. Law Rep. 561, 12 S.W. 585; Combs v. Commonwealth, 14 Ky.Law Rep. 245, 20 S. W. 268; Turner v. Commonwealth, 191 Ky. 825, 231 S.W. 519; Lovan v. Commonwealth, 261 Ky. 198, 87 S.W.2d 381; Allen v. Commonwealth, 272 Ky. 533, 114 S.W.2d 757; and Barber v. Thomas, Ky., 355 S.W. 2d 682.

■ The trial of one charged with a crime and with having been previously convicted does not constitute double jeopardy. The penalty is merely increased for a violation of the prime offense charged. The Habitual Criminal Act is wholesome, time-tested, and approved by the wisdom of generations. We are not at all inclined now to discard it even in the face of so-called "evolution and revolution" in thinking.

Appellant urges the evidence relative to the former convictions was not sufficient to convict under the present indictment. The clerks of the Barren and Warren Circuit Courts testified and read from their respective records. Of course, they did not physically introduce their order books. This was unnecessary. We find the evidence of former convictions sufficient. Cf. Dunnington v. Commonwealth, 231 Ky. 327, 21 S.W.2d 471.

Appellant assails the evidence on former convictions because it is not shown by the testimony that the trial judge signed the orders. Appellant did not ask whether they were signed, and the original records were there. It will be presumed the presiding judges performed their duties by signing their orders.

Appellant complains that there was no proof that the previous crimes were "committed." It is unnecessary that the Commonwealth again prove the commission of the previous crimes, only that he was previously "convicted."

Finally, the instructions are questioned. Instruction III required the jury to find defendant guilty of the prime offense covered by Instruction I and provided further that if they find he was convicted in the Barren Circuit Court April 26, 1949, of the crime of rape and convicted January 22, 1958, in Warren Circuit Court on a charge of forgery, and that said crime of forgery "was committed after the defendant's conviction on April 26, 1949," they should find him guilty and fix his punishment at confinement for life. This instruction substantially meets the requirement in Coleman v. Commonwealth, 276 Ky. 802, 125 S.W.2d 728.

Instruction IV authorized the jury to inflict the lesser penalty (one to five years) if they had a reasonable doubt that defendant had been proven guilty of the two previous convictions. This instruction was more favorable to appellant than it should have been. It could have provided a double penalty as provided by KRS 431.-190 had the jury found appellant was proven to have been convicted only once before. He is in no position to complain of an instruction more favorable than the law allows.

It is the opinion of this Court that no errors occurred during his trial that substantially prejudiced his rights. The judgment is therefore affirmed.