**Raymond Earl IRVIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1966.

Raymond Earl Irvin, pro se.

Robert Matthews, Atty. Gen., Robert D. Preston, Asst. Atty. Gen., Frankfort, for appellee.

WILLIAMS, Judge.

Appellant Raymond Earl Irvin filed a motion under RCr 11.42 in the Jefferson Circuit Court to vacate a judgment sentencing him to life imprisonment. His motion was overruled without a hearing and without counsel having been appointed to represent him.

Several grounds are raised by appellant which are technically unavailable to him under RCr 11.42. However, they would not afford him any relief on appeal or any other post-conviction procedure.

■ The first has to do with the introduction of evidence concerning prior convictions of felony under the habitual criminal statute. Appellant entered a plea of guilty and no proof was introduced against him; consequently, he cannot complain on this ground. We point out, however, that the practice under the habitual criminal statute has recently been approved in Jones v. Commonwealth, Ky., 401 S.W.2d 68 (1966), and Wilson v. Commonwealth, Ky., 403 S.W.2d 705 (1966).

■ Appellant was indicted for assault with a deadly weapon with intent to rob and eleven previous felony convictions. His argument that his rights were prejudiced because eleven convictions were charged when only two were necessary by statute is wholly refuted in McGill v. Commonwealth, Ky., 365 S.W.2d 470 (1963), wherein it was stated:

> " * * * This statute is to the effect that the Commonwealth prove only *two* felony convictions of appellant prior to the one of which he now stands convicted. Although this is the minimum which must be shown for the imposition of the extreme penalty authorized by KRS 431.190, there is no maximum limit placed on the number of prior felony convictions which may be established. * * *"

■ In addition to the indictment under consideration here, appellant was also indicted for armed robbery. It is his contention that the two indictments, one for armed robbery and one containing the habitual criminal charge, were designed to and did frighten him into entering a plea of guilty. This argument can avail him naught because he was represented by counsel and was advised or could have been advised concerning his rights.

Another ground that the indictment was invalid simply does not fall within the scope of RCr 11.42.

■ The appellant argues that the habitual criminal charge could not increase the punishment meted out due to the fact the principal offense charged was a capital offense. He feels he was prejudiced thereby for the reason that the habitual criminal charge was made against him only for prejudicial purposes. Had he gone to trial, however, he could have been convicted of a lesser degree on the principal charge, in which case the penalty could have been augmented by the habitual criminal act. The same argument was answered in Smiddy v. Commonwealth, 287 Ky. 276, 152 S.W. 2d 949 (1941), as follows:

> " * * * Counsel, however, appear to overlook the fact that under a murder charge the accused may be convicted of any of the lesser degrees of homicide, none of which are punished with life imprisonment or death and the punishment for which might be augmented to the extent prescribed by the habitual criminal act. If, therefore, the facts in the case brought the offense within any of those lower degrees the increased punishment prescribed by the habitual criminal act would become applicable, and it was not error to incorporate in the indictment the count charging former convictions, and likewise it was not error to introduce the record of them. * * *"

Appellant's motion showed on its face there was no valid ground for relief; consequently, the trial court did not err in dismissing the motion without a hearing.

The judgment is affirmed.