924

Eugene HARRIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 24, 1967.

Arthur L. Brooks, Jr., Jackson W. White, Clyde L. Stapleton, Lexington, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

Eugene Harris appeals from a judgment sentencing him to a term of 18 years in the penitentiary pursuant to a verdict finding him guilty of voluntary manslaughter. Upon a former trial he had been convicted of murder and given a life sentence, but that conviction was reversed by this Court in Harris v. Commonwealth, Ky., 389 S.W. 2d 907, for failure to give a voluntary manslaughter instruction.

The Commonwealth's case rested on the testimony of one John Embry that he came out of a restaurant in Lexington and saw Harris and another man (the victim, Frank Johnson) standing at the curb ten feet away; Harris struck the other man in the stomach, and the man put his hand against his stomach and walked away, while Harris walked off in another direction. The victim died 11 days later as the result of peritonitis developing from a stab wound in his stomach.

During Embry's testimony it was brought out that he had not voluntarily gone to the police to tell them of his having witnessed the stabbing; however, it was not brought out by what means the police learned of the fact that Embry was a witness. This aroused the curiosity of one of the jurors and she approached the bench with the question, "Under what circumstances was Mr. Embry first called in by the police?" Appellant's first claim of error relates to what took place in connection with the asking and answering of this question.

It appears from the record that the one juror, the Commonwealth's attorney, his assistant, and the two defense counsel all were gathered around the judge's bench, and that what was said was not within the hearing of the other members of the jury. The records shows this colloquy:

"JUROR: I want to know under what circumstances Mr. Embry was first called in by the police, when they first called him. I understand he did not come forward, is that right?

COMMONWEALTH'S ATTORNEY: Yes, sir, it involved hearsay which the Court has indicated could not be developed.

THE COURT: It is as [the Commonwealth's attorney] has indicated, whatever he would have said in absence of the defendant wouldn't be admissible, any statements he made before the officers would not be admissible and that wouldn't be admitted in evidence.

JUROR: Since Mr. Johnson [the victim] was dead?

COMMONWEALTH'S ATTORNEY: No testimony of what he said, whatever he said.

DEFENSE COUNSEL: If he said anything.

ASSISTANT COMMONWEALTH'S ATTORNEY: There are circumstances under which Mr. Johnson might have said something and it not be admissible.

DEFENSE COUNSEL: We object to the Commonwealth testifying. If it's going before the juror.

THE COURT: I tell you, let's go back."

Following this, the defense counsel made a motion for a mistrial, which was overruled.

■ Under Trent v. Commonwealth, 308 Ky. 640, 215 S.W.2d 555, and Houston v. Commonwealth, 270 Ky. 125, 109 S.W.2d 45, it was error for the trial court to undertake to answer, or permit counsel for the prosecution to answer, this kind of a question, and particularly so when out of the hearing of the other jurors. The court should have directed the juror to ask her question in the hearing of all the jurors, and then should have told the jury that the information requested could not properly be furnished and that the jurors must limit their consideration to the evidence received.

■ The Commonwealth in effect concedes that error was committed but argues that there was no material prejudice. We think there was material prejudice in that the comments by the Commonwealth's attorney and his assistant could reasonably have been construed as meaning that the Commonwealth had some more good evidence of guilt which for a technical reason could not be admitted; that either Embry or the victim had said something of importance which the court would not let the Commonwealth introduce in evidence. The prejudice was subject to being magnified by distortion occurring when the one juror attempted to relay to the rest of the jurors her interpretation of the remarks by the prosecuting attorneys. It must be remembered that the Commonwealth's case rested almost entirely on Embry's testimony, and any innuendos or inferences the Commonwealth could inject to strengthen his credibility would help their case. Hence, anything improper along that line must be considered prejudicial.

It is our conclusion that the colloquy with the juror was reversible error.

Our conclusion makes it unnecessary for us to consider the appellant's second argument which is that there should be retrospective application of the rule announced in Cowan v. Commonwealth, Ky., 407 S.W. 2d 695, to the effect that when a defendant, upon being asked for impeachment purposes whether he has been convicted of a felony, answers in the affirmative, no further inquiry can be made or evidence pro-

duced as to the nature or number of the felonies.

The judgment is reversed, for further proceedings in conformity with this opinion.

WILLIAMS, C. J., and HILL, MILLIKEN, PALMORE and STEINFELD, JJ., concur.