Paul INGRAM, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 3, 1968.

F. C. Bryan, Mt. Sterling, for appellant.

John B. Breckinridge, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, Neil R. Maxey, Montgomery County Atty., Mt. Sterling, Elijah M. Hogge, Commonwealth Atty. for 21st Judicial District, Morehead, for appellee.

STEINFELD, Judge.

Appellant, Paul Ingram, was indicted on the charge of grand larceny. KRS 433.-220. Two other counts of that indictment set up his previous convictions for storehouse breaking and taking a motor vehicle without the consent of the owner. Upon a trial he was found guilty and given a life sentence under the Habitual Criminal Act. KRS 431.190. This appeal is prosecuted to obtain a reversal of that judgment. We affirm.

On the night of February 22, 1967, a truck tire, tube and rim were stolen from a trailer truck which was parked on East High Street in Mt. Sterling, Kentucky. No one testified that he saw Ingram remove these articles from the truck but circumstantial evidence connected him with the crime.

The deputy circuit court clerk read to the jury the previous judgments showing the convictions of appellant for taking a motor vehicle without the consent of the owner and for storehouse breaking. The sheriff testified that this was the same man.

Because Ingram was without funds to engage counsel the court appointed a lawyer to represent him. This attorney carefully and diligently performed his duties and forcefully and thoroughly presented the arguments we will discuss.

To secure reversal Ingram says that the court erred in giving information to the jury and in orally instructing the jury. After the jury had heard the evidence, received written instructions, heard summations and retired to deliberate, all members

returned to the courtroom so that a question could be asked of the presiding judge. The following occurred:

"BY ONE OF THE JURORS: If he's guilty under Number 1, he would be guilty of the whole?

BY THE COURT: I think the instructions are plain; if you believe the facts set out in Number 1 beyond a reasonable doubt, you find him guilty under that, and if you believe that he is guilty beyond a reasonable doubt under Number 2, you find him guilty under Number 2. You have to believe beyond a reasonable doubt that he stole the tire, tube and rim to get to him Under Number 1 and believe beyond a reasonable doubt he is guilty of the other two convictions to find him guilty under Number 2."

Counsel for appellant immediately objected and moved the court to set aside the swearing of the jury and to grant appellant a new trial. He argues that the court exceeded its authority in answering the question and cites Payne v. Commonwealth, 1 Metc. 370, 58 Ky. 370 (1858); Coppage v. Commonwealth, 3 Bush 532, 66 Ky. 532 (1868); Bartram v. Commonwealth, 233 Ky. 244, 25 S.W.2d 378 (1930); Houston v. Commonwealth, 270 Ky. 125, 109 S.W.2d 45 (1937); Allen v. Commonwealth, 277 Ky. 168, 125 S.W.2d 1013 (1939); Trent v. Commonwealth, 308 Ky. 640, 215 S.W.2d 555 (1948); Etherton v. Commonwealth, Ky., 335 S.W.2d 899 (1960) and Harris v. Commonwealth, Ky., 411 S.W.2d 924 (1967). Some of those cases involved questions asked of and answered by the court not in the presence of all members of the jury, and some of them are silent as to whether there existed at the time they were decided either a criminal code or statutory provision similar to RCr 9.74.

Our procedural rules now provide:

RCr 9.54

"It shall be the duty of the court to instruct the jury in writing on the law of the case. Objections to instructions shall not be necessary to preserve error. The instructions shall be read to the jury prior to the closing summations of counsel."

RCr 9.74

"No information requested by the jury or any juror after the jury has retired for deliberation shall be given except in open court in the presence of the defendant (unless he is being tried in absentia) and the entire jury, and in the presence of or after reasonable notice to counsel for the parties."

In Payne v. Commonwealth, 1 Metc. 370, 58 Ky. 370 (1858), cited by appellant, instructions were explained orally as they were given. In reversing this court said:

"The wisdom and policy of this rule of criminal practice are so obvious, and the terms in which it is prescribed are so direct and imperative, that no departure from it should in any case be tolerated. It can hardly be necessary to suggest that the explanation of an instruction given to the jury is necessarily a part of the instruction, and that the meaning of a written instruction might be so modified by a verbal explanation, as to change or destroy the legal effect and force of the proposition of law set forth in the written instruction; and in this way all the objects intended to be secured by the wholesome statutory rule, which requires that all the law applicable to the case upon which the jury are to pass, shall always be given in writing, might be totally defeated."

Here the written instructions had been given without explanation "prior to the closing summations." The question asked by one of the jurors made it obvious that at least he did not understand the written instructions. Under these unusual circumstances we are of the opinion that the court did not violate the provisions of RCr 9.54 or RCr 9.74. The explanation was beneficial to the appellant.

Contending that the indictment was defective, appellant made timely motion to

dismiss. He pointed out that Kentucky Constitution section 123 says that "* * * All prosecutions shall be carried on in the name and by the authority of the 'Commonwealth of Kentucky,' and conclude against the peace and dignity of the same." Relying upon Couch v. Commonwealth, 281 Ky. 543, 136 S.W.2d 781 (1940) and Harrod v. Whaley, Warden, Ky., 239 S.W.2d 480 (1951), he argues that the court erred in overruling this motion. After listing three counts the indictment concluded with the following sentence:

"The Paul Ingram mentioned in this third count of this indictment is one and the same person mentioned in the second and first count of this indictment and that the crime of which he is accused in the first count of this indictment was committed at a time subequent to convictions set forth in both the second and third counts of this indictment and that the crime for which he was convicted as set forth in Count 2 of this indictment was committed and conviction was had subsequent to the time of the commission of the crime and the conviction as set forth in Count 3 of this indictment, against the peace and dignity of the Commonwealth of Kentucky."

■ Rawlings v. Commonwealth, 191 Ky. 401, 230 S.W. 529 (1921) is dispositive of this issue. There it was held that an indictment listing former convictions need not contain the words "against the peace and dignity of the commonwealth" after each accusatory part of the indictment and that it is sufficient if that statement appears at the close of the indictment. The indictment now under consideration complies with section 123 of the Kentucky Constitution.

■ Ingram claims that he should have had a separate trial on the charge that he was an habitual criminal only after he was convicted of the other charges in the indictment. He relies on language contained in Winn v. Commonwealth, Ky., 303 S.W.2d 275 (1957). The answer to

that contention is found in Wilson v. Commonwealth, Ky., 403 S.W.2d 705 (1966). There the convicted defendant contended "that he was denied due process of law because two former convictions were introduced to the jury for joint consideration with the issue of the specific crime alleged." He further claimed that the Sixth Amendment guaranteed to him the right to trial by jury and that this implied a trial by an impartial jury. He insisted that "* * * if the jury hears evidence of two former convictions for crimes of the same nature as the crime for which the defendant is presently tried, the jury is no longer impartial." We reaffirmed our previous holdings that the procedure followed was not contrary to the constitutions. Also see Holt v. Commonwealth, Ky., 310 S.W.2d 40 (1957) certiorari denied, 357 U.S. 909, 78 S.Ct. 1154, 2 L.Ed.2d 1158; Jones v. Commonwealth, Ky., 401 S.W.2d 68 (1966); Irvin v. Commonwealth, Ky., 407 S.W.2d 122 (1966). We see no reason to depart from the law announced in those cases. Furthermore, no motion was made for a separate trial and this contention was never presented to the trial court. It is too late. Hatton v. Commonwealth, Ky., 409 S.W.2d 818 (1966).

Appellant complains that "Under the instructions given by the court, if the jury found the appellant guilty of two successive convictions set up in the indictment, then it was mandatory that they give him a life sentence, * * * ". He admits that the instruction followed the law announced in Hamm v. Commonwealth, Ky., 300 S.W.2d 562 (1957); Tuttle v. Commonwealth, Ky., 331 S.W.2d 891 (1959) and a long line of cases which preceded them. He urges that these cases be overruled.

■■ KRS 431.190, the Habitual Criminal Act, has been the law of this state at least since 1893 and has withstood attack in numerous cases. We see no reason to depart from those decisions, therefore, we hold that no error was committed in the form of the instructions, or in instructing the jury pursuant to KRS 431.190. Jones

v. Commonwealth, Ky., 401 S.W.2d 68 (1966).

Finally it is contended that the two previous convictions were void, therefore, Ingram could not be guilty of violating the Habitual Criminal Act. The claimed invalidity of the previous convictions is that Ingram was not represented by counsel in either of those cases. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799, 93 A.L.R.2d 733 (1963) and Greer v. Beto, 384 U.S. 269, 86 S.Ct. 1477, 16 L. Ed.2d 526 (1966).

The record of the last trial reveals that the clerk of the court produced the two judgments, each showing the conviction, but neither of them indicated whether the defendant was or was not represented by counsel. Counsel for appellant did not interrogate the clerk nor did he introduce any evidence to show lack of counsel. We must presume that " '* * * the proceedings were correct and the burden rests on the accused to show otherwise.' United States v. Morgan, supra, 346 U.S. [502] at p. 512, 74 S.Ct. [247] at p. 253, 98 L.Ed. 248." Copeland v. Commonwealth, Ky., 415 S.W.2d 842 (1967) and Wilson v. Commonwealth, Ky., 403 S.W.2d 710 (1966). There is nothing before us that authorizes us to hold that either of the previous convictions was void.

The judgment is affirmed.

All concur.