**Paul INGRAM, Petitioner,**

v.

**John W. WINGO, Warden, Kentucky State Penitentiary, Respondent.**

**No. 2199.**

United States District Court,
E. D. Kentucky,
Lexington Division.

Jan. 19, 1971.

Paul Ingram, pro se.

John Breckinridge, Atty. Gen., Com. of Ky. by M. Curran Clem, Asst. Atty. Gen., Frankfort, Ky., for respondent.

## MEMORANDUM

SWINFORD, District Judge.

The petitioner, Paul Ingram, has alleged in this habeas corpus proceeding that the conviction for which he is presently imprisoned is unlawful as it is based upon a prior conviction which was unconstitutionally obtained. The petitioner was convicted of grand larceny and of being an habitual criminal in September of 1967. It is correctly argued that a recidivist conviction can only be obtained if it is shown that the defendant had been previously lawfully convicted of a felony. Kentucky Revised Statute 431.190 states:

"Any person convicted a second time of felony shall be confined in the penitentiary not less than double the time of the sentence under the first conviction; if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty unless the jury finds, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state."

If the prior conviction is unconstitutional the habitual criminal conviction is null and void as it has lost one of its essential elements; the existence of a prior felony conviction lawfully obtained.

The petitioner contends that the 1965 conviction for breaking and entering used to enhance his present punishment was illegally obtained as he was not represented by counsel at the time of his trial or at the time of his sentencing. Although the petitioner has, in the present suit, chosen to attack only one of the two prior convictions upon which he has been adjudged a multiple offender, there is some evidence that he was not represented by counsel at either of the prior trials in 1960 or 1965. See Ingram v. Commonwealth, 427 S.W.2d 815 at 819 (Ky.1968).

■ There is no question that an indigent defendant has a right to assistance of counsel in a state court criminal proceeding. This was clearly established in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), and in light of subsequent Supreme Court decisions there can be no doubt that Gideon was intended to have retroactive effect. The right to assistance of counsel applies to any crucial stage of the criminal proceedings.

On November 17, 1970, this court entered an order directing the respondent to attempt to procure documentary proof by way of affidavits or otherwise on the question of whether or not the petitioner was, at all times required by the law, represented by counsel.

The office of the Attorney General replied to that order by stating that it was "unable to produce any documentary proof by way of affidavit or otherwise to affirmatively show that petitioner was represented by counsel at his trials in 1960 and 1965." The records of the judgment and sentence of the two prior convictions are silent as to the question of whether the petitioner received assistance of counsel. Nothing has been produced or filed in the record which would indicate to this court that the petitioner was represented by an attorney at either of the previous trials resulting in the convictions upon which his habitual criminal conviction is based. Moreover the respondent has been unable to offer any evidence which would tend to show that the petitioner had knowingly and intelligently waived his right to counsel. The Supreme Court stated in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), that it is impermissible to presume waiver of counsel from a silent record and stated that a conviction obtained in violation of Gideon v. Wainwright, *supra,* may not be used to enhance punishment for another offense.

The respondent, in moving that the petition be dismissed, has adopted the reasoning of the Kentucky Court of Appeals' opinion affirming the petitioner's

1967 habitual criminal conviction wherein the court stated that in the absence of any affirmative evidence showing that the petitioner was not represented by counsel, it must be presumed the prior criminal proceedings were constitutionally correct. Ingram v. Commonwealth, *supra,* 427 S.W.2d at 819. The Court of Appeals' opinion included the following language:

"Finally it is contended that the two previous convictions were void, therefore, Ingram could not be guilty of violating the Habitual Criminal Act. The claimed invalidity of the previous convictions is that Ingram was not represented by counsel in either of those cases.

"The record of the last trial reveals that the clerk of the court produced the two judgments, each showing the conviction, but neither of them indicated whether the defendant was or was not represented by counsel. Counsel for appellant did not interrogate the clerk nor did he introduce any evidence to show lack of counsel. We must presume that ' * * * the proceedings were correct and the burden rests on the accused to show otherwise.' "

■■ It is generally true that where a movant challenges the legality of a proceeding he must bear the burden of proof necessary to overcome the presumption of procedural regularity. However this evidentiary tenet has been apparently modified to some degree by Burgett v. Texas, *supra.* In cases involving criminal sanctions a court may not presume constitutional validity from a silent record. If the record in regard to whether an accused was represented by counsel is silent, as it is in this case, the burden of proof shifts to the State which must then produce evidence to demonstrate that the Sixth Amendment requirement of assistance of counsel has not been violated. Losieau v. Sigler, 406 F.2d 795 at 802, 803 (8 Cir. 1968); see also Wilson v. Wiman, 386 F.2d 968 (6 Cir. 1967). The inference to be drawn from a silent record is that the accused

was not represented by counsel, and this inference is of such magnitude that the ordinary presumption of constitutional correctness is dispelled.

 In view of the uncontradicted allegations of the petitioner, and the silent record as to the presence of counsel, it is the judgment of this court that the petitioner's habitual criminal conviction is unconstitutional and void. Williams v. Coiner, 392 F.2d 210 (4 Cir. 1968); Losieau v. Sigler, *supra;* and United States ex rel. Easterling v. Wilkins, 303 F.2d 883 (2 Cir. 1962). An order will this day be entered allowing the State 90 days to grant the petitioner a new trial on the 1967 indictment for grand larceny or to dismiss the indictment. If at the end of 90 days the petitioner has not been given a new trial or the indictment been dismissed, the writ of habeas corpus shall issue and the petitioner shall be discharged.