Glenn Morris MURRAY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1971.

James D. Rouse and Victor Hellard, Jr., Rouse, Rouse & Hellard, Thomas E. O'Shaughnessy, Versailles, for appellant.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Judge.

On November 19, 1970, Glenn Murray was convicted of armed robbery (KRS 433.-140) and violation of the habitual criminal statute (KRS 431.190). He appeals from a judgment that set his punishment at life imprisonment. We affirm.

Murray urges that a fair trial was denied him because he was tried jointly under the recidivist statute with the primary offense. In Thomas v. Com., Ky., 412 S.W.2d 578 (1967), we reviewed Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), which upheld the constitutionality of the procedure complained of, and decided there was no need to alter the mode of such proceedings. The following year in Hardin v. Com., Ky., 428 S.W.2d 224 (1968), we affirmed this position and, in the present instance, the majority of this court's opinion remains unchanged. See Shull v. Com., Ky., 475 S.W.2d 469 (decided October 15, 1971).

Murray next argues that the court erred in denying his request that the jury be admonished following the prosecution's introduction of evidence of his prior felony convictions. He complains that he suffered prejudice when his objections to the introduction of evidence and references to his prior convictions were overruled during the prosecutor's opening statement and closing argument and upon introduction of proof. In each of these instances the prosecution made mention of the accused's prior convictions only as they related to the habitual criminal charge and

not to his guilt or innocence on the primary charge. In the opening statement the prosecution merely said "Finally we will introduce evidence by the Deputy Circuit Clerk of Jefferson County, Kentucky of this Defendant's conviction of two prior felonies." The clerk's testimony was limited to what the produced court record books revealed. The prosecutor's closing argument only touched on the proof of the convictions and the meaning of the instructions concerning the habitual criminal charge. We find no indication that the prosecutor ever attempted to inflame or prejudice the jury. The jury was properly instructed on the limited purpose for allowing this type of evidence. It was not error either to overrule the objection to its admission or to refuse an admonition.

■ Murray claims that he was denied a fair trial because the court, over his objection, permitted the introduction of a photograph of him that bore the writing "LaGrange Penitentiary" and "Armed Assault." The Commonwealth was showing how the victim and others had identified Murray as the person who committed the crime. The defense objected to the introduction of the photographs ". . . for the reason the taking of the photographs was too remote in time from the alleged offense . . . as to have probative value . . ." It was permissible to use this method to show how Murray was identified.

■ Murray also complains that the jury was not admonished to limit the effect of this evidence. He did not request an admonition.

■ Murray asserts there was error in admitting another photograph of him which was taken while he was awaiting trial because the photographer was the husband of one of the jurors. During voir dire this juror explained that she knew that her husband, as a newsman, had taken pictures in connection with the robbery and possibly had written a story about it. She stated that she had not discussed the matter with her husband and declared that his participation would not affect her ability to serve as a fair and impartial juror. Her service as a juror did not make the photograph inadmissible as evidence.

■ Appellant complains that he suffered prejudice when prior to the commencement of the trial he was brought into the court room and was seen by the jury in handcuffs and shackles. During voir dire examination all of the jurors admitted that they had seen appellant in this condition but, when questioned by the defense, none stated that it would affect his decision as to Murray's guilt or innocence. We hold that this experience did not deny Murray a fair trial. Williams v. Com., Ky., 474 S.W.2d 381 (decided December 17, 1971).

The judgment is affirmed.

MILLIKEN, C. J., and HILL, NEIKIRK, OSBORNE and REED, JJ., concur.