**Otha R. McHENRY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

As Modified on Denial of Rehearing
March 16, 1973.

John David Cole, Bowling Green, for appellant.

John B. Breckinridge, Atty. Gen., M. Curran Clem, Asst. Atty. Gen., Frankfort, for appellee.

STEINFELD, Chief Justice.

Appellant Otha R. McHenry was convicted on October 4, 1966, of being a habitual criminal (KRS 431.190) and was sentenced to life imprisonment. When McHenry sought post-conviction relief, authorized by RCr 11.42, the circuit court granted a belated appeal which is now before us together with his attack on the disposition of his claims for other post-conviction relief. We find appellant's claims to be without merit, and therefore affirm the judgment.

■ On his belated appeal McHenry contends that Kentucky's present single-stage procedure for trial of habitual-criminal charges denied him due process of law, therefore, it is unconstitutional. He urges the immediate judicial adoption of the bifurcated procedure contained in the Kentucky Penal Code enacted by the 1972 General Assembly to become effective July 1, 1974. We know of no reason to accelerate that date. In Murray v. Commonwealth, Ky., 474 S.W.2d 359 (1971), we reaffirmed several of our prior decisions upholding the constitutionality of the procedure complained of and presently our opinion remains unchanged.

■ McHenry argues that the Commonwealth failed to sustain its burden of proving that he had been lawfully convicted of prior felonies. He contends that "the admission of the prior felony convictions, without proof that the Sixth Amendment requirement of counsel for the accused was satisfied, was clearly prejudicial error." In Copeland v. Commonwealth, Ky., 415 S.W.2d 842 (1967), we rejected this argument, stating that the time for challenging the validity of prior convictions offered as proof in a trial of habitual criminal charges is during the trial and not by way of collateral attack in an appeal from a conviction resulting from such charges. The burden was on McHenry to show that prior convictions were unconstitutionally imposed. Ingram v. Commonwealth, Ky., 427 S.W.2d 815 (1968). McHenry claims Ingram v. Commonwealth, supra, is contrary to the rule announced in Ingram v. Wingo, 320 F.Supp. 1032 (E.D.Ky.1971), and that we should follow the latter case. We are not persuaded that we should depart from our holding in Ingram v. Commonwealth, supra.

■ McHenry's argument that the trial court's instructions to the jury were erroneous was not properly preserved for appellate review. The instructions were not objected to at the trial and were not among the grounds listed in his motion for a new trial. Murray v. Commonwealth, Ky., 473 S.W.2d 150 (1971); RCr 9.54.

The notice of appeal filed pursuant to RCr 12.52 was from the 1966 judgment of conviction. No notice of appeal was filed from that part of the order denying the sought post-conviction relief. The Statement of Appeal refers both to the 1966 judgment and the order of June 15, 1971, permitting the belated appeal. As we have heretofore stated, McHenry argues here, as he did in the post-conviction-relief proceedings, that he did not have a fair trial by constitutional standards. The trial court included in the 1971 order the following:

"In view of the record herein and the lapse of time which has occurred since the original trial herein as well as the fact that the defendant now has available to him the services of a different attorney from the one who represented him at the trial of this case, * * * (the defendant) * * * shall not be and is not limited to any specific grounds or issues upon which this belated appeal is granted other than the limits prescribed by Kentucky Rules of Criminal Procedure, and he may raise any such grounds or issues that may appear available to him after he has been furnished a copy of the transcript of the original proceedings upon the trial of this case."

Because of those expressions and the failure of the Commonwealth to make any objection to a consideration of these issues, in these unusual circumstances we will discuss them. This, however, shall not indicate approval of this type of procedure.

■ In a post-conviction-relief argument McHenry contends that he was denied adequate assistance of counsel at his 1966 trial. Specifically, he complains of the failure of his court-appointed counsel, an attorney other than the one appointed to represent him in this appeal, to (1) perfect an appeal following trial; (2) subpoena witnesses, and (3) ask for separation of witnesses. Complaint (1) has been cured by the present appellate proceeding.

■ McHenry admitted that he received correspondence from his trial counsel stating in part,

"I pursued, and endeavored to contact every witness you stated you knew would provide you with an alibi (sic), but those who answered my letters advised they could be of no assistance to you."

While we cannot speculate what benefit these witnesses would have been had they been subpoenaed and testified, we find that the decision of whether to require their presence was one left to the discretion of McHenry's counsel, and his failure to do so has not been demonstrated to be a matter of such prejudice as to demand reversal. Cf. Keeton v. Commonwealth, Ky., 459 S.W.2d 612 (1970).

■ RCr 9.48 provides for the separation of witnesses during trial upon the request of counsel for defense or the Commonwealth; it is discretionary and not mandatory. Boyd v. Commonwealth, 194 Ky. 73, 238 S.W. 182 (1922). We cannot say that defense counsel's failure to demand a separation of witnesses was prejudicial requiring a reversal. This and most of the other charges of ineffectiveness are based on trial tactics over which counsel has a wide discretion. We will not fault a lawyer for using a reasonable course which at the time seemed to be the proper one to follow. Ramsey v. Commonwealth, Ky., 399 S.W.2d 473 (1966), cert. denied 385 U.S. 865, 87 S.Ct. 126, 17 L.Ed.2d 93 (1966).

The judgment is affirmed.

All concur.