James R. WILLIAMS, alias John Patrick Haslam, III, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1971.

Phillip D. Scott, McDonald, Alford & Roszell, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellant was convicted of armed robbery (KRS 433.140) and unlawfully operating a motor vehicle without the owner's consent (KRS 433.220). His penalty on each count was assessed by the jury at the minimum fixed by the statutes: imprisonment for ten years for the robbery and one year for the unlawful operation of a motor vehicle.

The appellant asserts trial errors as follows: (1) Appellant was handcuffed by the jailer during the progress of the trial and in the jury's presence; (2) evidence of identification at a police lineup was improperly admitted; and (3) here was insufficient evidence as to the alleged violation of KRS 433.220 to warrant submission of that charge to the jury.

Mrs. Laura Pancero testified that on January 17, 1969, at about 4:30 p. m., as she was about to drive away from the Eastland Shopping Center, a man accosted her with a knife in his hand. She said the man reached into her car and removed her purse, in which she had about $6. Then the robber got into an automobile and rapidly drove away. Mrs. Pancero made note of the license number of the car in which the driver fled, as did a man standing nearby. The police were notified of the occurrence by Mrs. Pancero, who advised the police of the license number and general description of the car as well as of the general physical description of the robber.

At about 5:15 p. m. on the day of the robbery, police officers located the abandoned automobile not far from the crime scene. It bore the license number which Mrs. Pancero had furnished the officers. In the car was a knife. The owner of the car testified that the automobile had "disappeared" from where he had parked it and that he had not given anyone permission to take it. The knife found in the car did not belong to the owner of the car and had not been there when the owner parked the car earlier in the day.

Mrs. Pancero viewed "mug shots" at the Lexington Police Department during the evening of January 17. She picked out pictures of the appellant without any suggestion or coaching by anyone, so far as the record shows. Two days later Mrs. Pancero identified appellant in a police lineup. At the trial she positively identified him as the perpetrator of the robbery and driver of the automobile in which he fled the scene.

■ When the court recessed at noon on the day of trial, the jailer placed handcuffs on the appellant prior to remanding him to jail during the noon recess. Counsel for appellant immediately called this to the court's attention, and moved for a mistrial on account of the incident. The court denied the motion. So far as appears, there

was no recurrence of any shackling of the appellant during the trial.

In support of this charge of error the appellant cites Blair v. Commonwealth, 171 Ky. 319, 188 S.W. 390; Marion v. Commonwealth, 269 Ky. 729, 108 S.W.2d 721; and Tunget v. Commonwealth, 303 Ky. 834, 198 S.W.2d 785, cert. den. 331 U.S. 833, 67 S.Ct. 1514, 91 L.Ed. 1847. The Commonwealth discusses the cited cases in its brief and refers also to Donehy v. Commonwealth, 170 Ky. 474, 186 S.W. 161; Bayless v. United States, 200 F.2d 113 (9th Cir. 1953), and Blaine v. United States, 78 U.S.App. D.C. 64, 136 F.2d 284 (1943). All of these decisions recognize the general rule that a defendant should not be handcuffed or manacled during a criminal trial in the absence of a necessity for such restraint. The cases cited also point out that the trial court is vested with discretion in determining whether a defendant's substantial rights have been violated, even in cases of unwarranted shackling. In *Tunget* and *Marion,* cited above, the court affirmed the judgments of conviction despite the shackling. In *Blair* the judgment was reversed, and the court condemned shackling in the absence of a shown necessity for it. However, the court did not base its reversal on the shackling incident. In *Donehy* the court expressed the view that the custodian of a prisoner has a discretionary right to manacle him when taking him to and from the court. The incident complained of is not regarded as possessing such prejudicial impact as to require a reversal of the judgment.

■ The assertion of error respecting the lineup identification was not preserved for appellate review by timely, or any, objection at the trial level. Additionally, it is noted that appellant was apprised of his rights and signed an express waiver of them prior to the lineup. The testimony of the victim at trial indicated that her in-court identification was in no way predicated upon the lineup identification.

■ There was sufficient evidence to warrant submission of the issue respecting the violation of KRS 433.220.

The judgment is affirmed.

All concur.