**Ronnie R. MOSS, Appellant,**

v.

**COMMONWEALTH of Kentucky,
Appellee.**

No. 96–SC–195–DG.

Supreme Court of Kentucky.

May 22, 1997.

Rehearing Denied Sept. 4, 1997.

Marie Allison, Assistant Public Advocate, Frankfort, for Appellant.

A.B. Chandler, III, Attorney General, Ian G. Sonego, Assistant Attorney General, Frankfort, for Appellee.

LAMBERT, Justice.

Appellant, Ronnie R. Moss, was charged in the Christian County Circuit Court with the offenses of third degree burglary, second degree hindering apprehension, and first degree persistent felony offender. The charge of hindering apprehension was dismissed upon motion of the Commonwealth. The jury returned a guilty verdict on the third degree burglary charge and appellant then entered into a plea agreement as to the persistent felony offender charge. In accordance with the plea agreement, appellant was sentenced to five years on the underlying burglary offense and his sentence was enhanced to fifteen years for the persistent felony offender offense. Appellant appealed to the Court of Appeals where his conviction was affirmed. We granted discretionary review.

Appellant first contends that he was denied his federal and state rights to due process of law, his right to trial by a fair and impartial jury, his right to effective assistance of counsel, and his right to be present at critical stages of his trial when the trial court failed to inform him of a conversation which took place at the bench between the court and a juror. During voir dire examination, the Commonwealth Attorney asked whether any potential juror had "any relationship or knowledge of these officers [police officers who were expected to testify for the Commonwealth] that would affect your ability to be fair to both sides in this case?" No potential juror responded affirmatively

and neither counsel inquired further in this regard. However, after both counsel and appellant had left the courtroom to exercise peremptory challenges, a certain juror approached the bench and stated to the judge as follows:

> [h]e asked a question a while ago that I could answer okay, but one of the police officers that was in here a while ago is married to a cousin of mine and then the other one, his daddy lives next door to me. But he asked me if I could answer truthfully, but I did know them and I'm relatively close to them, but I still feel like I could do an impartial judgment, not, you know, whatever, because I don't think that knowing them would have any effect on me and that's the way he asked the question, so I didn't say anything.

The trial court stated that the juror responded "properly." No disclosure of this statement was made to either counsel. The jury was then finally selected and the juror who had spoken to the court was one of the twelve who tried appellant.

Appellant contends that if the information the juror gave to the court had been shared with him he would have challenged the juror for cause or, in the alternative, would have exercised a peremptory challenge to excuse the juror. Appellant claims that failure of the trial court to disclose the factual content of the communication prevented him from intelligently and knowingly exercising his for cause and peremptory challenges.

Initially, we must say that the trial court erred when it failed to disclose the information given by the juror. It would have been far better to have advised counsel of the communication and allowed the parties to incorporate this information into their decision-making as to the use of their challenges. Notwithstanding our view as to what the better practice would have been, we must decide the case on what actually transpired. The disclosure made by the juror was not discovered until appellant's counsel was working on an appellate brief, long after the jury had been discharged and after a final judgment had been entered. As such, we must decide whether the only available reme-

dy shall be granted or whether the error was harmless.

■ Initially we must determine whether, upon full disclosure, a motion challenging the juror for cause would have been sustained. While the information disclosed revealed the existence of a limited relationship between the juror and two police officers, the relationship was not sufficient to require exclusion of the juror for cause. The disclosure did not establish any close relationship as described in *Ward v. Commonwealth,* Ky., 695 S.W.2d 404 (1985), *Sanborn v. Commonwealth,* Ky., 754 S.W.2d 534 (1988), or other cases which require disqualification based on implied bias arising from relationships. Our discussion of this issue in *Sanders v. Commonwealth,* Ky., 801 S.W.2d 665 (1991), reveals that not every "relationship" results in disqualification. Moreover, the trial court possesses considerable discretion and its view of the juror's demeanor and apparent candor must be duly considered. *Mabe v. Commonwealth,* Ky., 884 S.W.2d 668 (1994). Accordingly, we are unable to conclude that a for cause challenge would have been required.

■ Alternatively, appellant contends that he should have been furnished the additional information to permit the meaningful and intelligent exercise of peremptory challenges. In response to this we must recall that appellant failed to ask any question which would have led to disclosure of the information revealed to the court. The only question asked in this regard was a compound question by the Commonwealth, a question which the juror answered truthfully. Appellant himself bears the primary responsibility to ask the proper question on voir dire examination and a failure to so inquire will generally preclude relief. *Whisman v. Commonwealth,* Ky., 667 S.W.2d 394 (1984). Moreover, it is entirely speculative and quite possibly self-serving for appellant to assert that he would have used a peremptory challenge to exclude this juror. If we allowed such a practice, after-acquired information could always be used in post-trial assertions that a particular juror would have been excused had the undisclosed information been known.

The failure to make full disclosure was harmless error. RCr 9.24. In his supplemental statement to the court, the juror reiterated his ability to be impartial and demonstrated admirable candor. In view of appellant's failure to have asked any question which would have triggered a more complete response and upon our independent determination that the juror was not disqualified, the error must be disregarded. This case differs significantly from *Paenitz v. Commonwealth,* Ky., 820 S.W.2d 480 (1991), and *Deemer v. Finger,* Ky., 817 S.W.2d 435 (1991), cases in which jurors received information about the case from sources outside of the courtroom.

■ Appellant next claims a due process violation by the trial court's having permitted the Commonwealth Attorney who was prosecuting the case to be sworn as a witness and give testimony. In substance, the Commonwealth Attorney testified that on May 6, 1994, he and defense counsel examined the physical evidence in the case at the Commonwealth Attorney's office. Among the items of physical evidence was a pair of coveralls which the arresting officer had observed appellant wearing at the scene and which appellant had placed in a trash container. At trial, the Commonwealth Attorney sought to introduce the contents of the breast pocket of the coveralls, thirty nine ($39.00) dollars in currency and a small screwdriver. Appellant objected and a conference was held in chambers.

Appellant contended that there was a break in the chain of custody with respect to the items the Commonwealth sought to introduce, due to the fact that the items were not listed on the police inventory as having been found in the pockets of the coveralls. The Commonwealth Attorney responded that the items in question were discovered by him during inspection of the physical evidence with defense counsel.

Appellant conceded to the trial court the accuracy of the recitation of events by the Commonwealth Attorney but refused to stipulate to the facts surrounding discovery of the items. He maintained that such testimony did not remove the chain of custody problem which existed with regard to this evidence. The trial court ruled that the chain of custody had been sufficiently established and allowed the Commonwealth Attorney to be sworn and testify. His testimony did not differ from that which he had related to the trial court in chambers.

■ It is a general rule that a prosecuting attorney should not testify as a witness in a trial. *Brown v. Commonwealth,* Ky., 512 S.W.2d 509 (1974). However, SCR 3.130 and Rule 3.7(a)(1) of the Rules of Professional Conduct permit such testimony when "the testimony relates to an uncontested issue." Although there was a legal dispute as to the sufficiency of the chain of custody, the testimony of the Commonwealth Attorney revealed the circumstances in which the items were discovered, facts which were uncontested. As such, the trial court did not err in permitting the Commonwealth Attorney to so testify. Moreover, there was full cross-examination of all persons who had knowledge of these circumstances, including the police officer who first inspected the coveralls.

■ Appellant next contends that he was denied a fair trial and due process of law when a juror observed.him in the parking lot while appellant was bound. Appellant argues that this stripped him of his basic right to a "garb of innocence."

Following the lunch recess on the first day of trial, upon the request of counsel, the trial court questioned each juror individually as to whether they had seen appellant traveling through the parking lot on his way back to court. One juror stated that she had seen appellant in the parking lot but that she did not notice anything particular about him. Appellant moved for a mistrial due to the fact that on his trip across the parking lot, he was bound and that having been seen in that fashion by a juror denied him of the right to a fair trial. This was overruled by the trial court and the Court of Appeals opined that "[t]here is no evidence in the record to substantiate Moss's suspicion that [the juror] saw him bound."

We have repeatedly held that the inadvertent viewing of the defendant in either handcuffs or another restraint for the sole purpose of being taken to or from the courtroom

is not automatically reversible error. *Davis v. Commonwealth,* Ky., 899 S.W.2d 487 (1995); *Williams v. Commonwealth,* Ky., 474 S.W.2d 381 (1971); and *Murray v. Commonwealth,* Ky., 474 S.W.2d 359 (1971). In appellant's case, there has been no showing or offer of any proof which might support the contention that the juror saw appellant bound. Appellant has shown no prejudice and therefore, no error occurred.

■ In addition to the foregoing, appellant has raised an unpreserved claim of error concerning the trial court's failure to instruct on the offense of knowingly receiving stolen property. The record is clear that appellant failed to ask for an instruction on this offense or to object to the trial court's failure to give such an instruction. Indeed, after having objected to the complicity instruction, he informed the court that he had no objection to any other aspect of the instructions. The Court of Appeals held this claim to be insufficient to show palpable error and we agree. RCr 10.26.

Appellant's final claim of error is likewise unpreserved. During the Commonwealth's cross-examination of appellant, he was asked and badgered into stating that Officer Wiley, a leading witness for the Commonwealth, was lying. Among other things, appellant was asked, "So Officer Wiley is lying? Is that what you're saying, Mr. Moss?" After appellant had attempted to deflect the question by referring it to Officer Wiley, the prosecutor responded, "No, sir, I don't. I have to ask you. So you think Officer Wiley is lying if he says he didn't see anyone but you come out of that fence?"

Appellant's failure to object and our failure to regard this as palpable error precludes relief. However, we believe such a line of questioning to be improper. A witness should not be required to characterize the testimony of another witness, particularly a well-respected police officer, as lying. Such a characterization places the witness in such an unflattering light as to potentially undermine his entire testimony. Counsel should be sufficiently articulate to show the jury where the testimony of the witnesses differ without resort to blunt force. Our decision in *Howard v. Commonwealth,* 227 Ky. 142, 12 S.W.2d 324 (1928), has long been the standard for proper cross-examination. The Supreme Court of Rhode Island recently commented appropriately on tactics such as the prosecutor employed here, as follows:

> With few exceptions, it is improper to require a witness to comment on the credibility of another witness. A witness's opinion about the truth of the testimony of another witness is not permitted. Neither expert nor lay witnesses may testify that another witness or a defendant is lying or faking. That determination is within the exclusive province of the jury.

*State v. James,* 557 A.2d 471, 473 (R.I.1989).

For the foregoing reasons, the decision of the Court of Appeals is affirmed.

JOHNSTONE, STUMBO and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., concurs in result only.

COOPER, J., concurs by separate opinion in which GRAVES, J., joins.

COOPER, Justice, concurring.

I concur with the result reached by the majority and with its analysis of the issues with one exception. I would not characterize the trial judge's failure to disclose the information volunteered to him by a juror during recess as "harmless error." Rather, I would characterize the incident as "no error." The juror neither made a misstatement nor withheld requested information during voir dire, *Johnson v. Commonwealth,* Ky., 892 S.W.2d 558, 563 (1994), but simply reiterated to the judge the same information previously given to counsel by his failure to affirmatively respond to the voir dire question. I find no error in the trial judge's failure to interrupt the jury selection process to advise counsel that a juror had responded truthfully during voir dire.

GRAVES, J., joins this concurring opinion.