RENDERED:  JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0798-MR

VAN MOONEY, JR.                                                    APPELLANT

v.                    APPEAL FROM HOPKINS CIRCUIT COURT
                      HONORABLE JAMES C. BRANTLEY, JUDGE
                      ACTION NO. 06-CR-00270

COMMONWEALTH OF KENTUCKY                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND MAZE, JUDGES.

DIXON, JUDGE:  Van Mooney, Jr., *pro se*, appeals the denial of his RCr[1] 11.42 motion to vacate judgment of his conviction of murder and tampering with physical evidence, entered by the Hopkins Circuit Court on April 24, 2019, alleging ineffective assistance of trial counsel.  Applying the two-pronged performance and prejudice standard established in *Strickland v. Washington*, 466

---

[1]  Kentucky Rules of Criminal Procedure.

U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court denied Mooney's motion, finding that he failed to show his case was prejudiced by trial counsel's deficient actions. Following a careful review, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

Mooney filed his initial RCr 11.42 motion, *pro se*, September 15, 2014, wherein he contended his trial counsel was ineffective. The trial court granted Mooney counsel, which supplemented his RCr 11.42 motion on November 10, 2016. After an evidentiary hearing was held on March 14, 2017, the trial court agreed and ordered a new trial, which the Commonwealth then appealed.

In *Commonwealth v. Mooney*, No. 2017-CA-001080-MR, 2018 WL 4522178 (Ky. App. Sept. 21, 2018), another panel of our Court disagreed with part of the trial court's conclusions of ineffective assistance of counsel. However, the Court affirmed the trial court's order regarding its finding that counsel's performance was deficient when he failed to object to the investigating officer—Sergeant Lutz's—characterization of Mooney as untruthful, and it remanded the case for additional findings as to whether Mooney was prejudiced as a result of this instance of deficient performance. That panel held:

> a witness should not be asked to comment on the credibility of another witness. Such determinations are within the exclusive province of the jury. *See* [*Moss v. Commonwealth*, 949 S.W.2d 579, 583 (Ky. 1997)]. Given Sergeant Lutz's repeated comments (on both the recording and in his live testimony) commenting on

-2-

Mooney's credibility, counsel's failure to object was clearly deficient. Likewise, counsel was also deficient in failing to secure an admonition with respect to Sergeant's [sic] Lutz's recorded comments. *See Lanham v. Commonwealth*, 171 S.W.3d 14, 19, 23-29 (Ky. 2005). Lastly, we also agree with the circuit court that defense counsel was deficient by eliciting such commentary from Sergeant Lutz during cross-examination.

However, the circuit court only made a conclusory finding that "it is reasonably probable that the outcome of the trial would have been different but for counsel's errors." An admonition following an objection will generally cure any prejudice resulting from a Moss violation. Thus, if counsel had objected and the trial court admonished the jury, then a single error would not have been prejudicial. On the other hand, counsel's failure to object also allowed the jury to hear repeated instances of Sergeant Lutz's comments on Mooney's credibility.

Had there been other instances of deficient performance, the absence of specific findings of prejudice on this issue would not have been as problematic. But as discussed below, this matter presents the only actionable basis for finding ineffective assistance by Mooney's trial counsel. While trial counsel was deficient in failing to object to Sergeant Lutz's comments, there was substantial admissible evidence which cast doubt on Mooney's credibility relating to his assertions of self-defense. Under the circumstances, we conclude that the circuit court must make specific findings whether Mooney was prejudiced due to his trial counsel's deficient performance.

*Id*., at *2.

On remand, by order of April 24, 2019, the trial court entered its additional findings and denied Mooney RCr 11.42 relief. Contrary to Mooney's

version of events presented at trial, the trial court specifically found that Mooney was not prejudiced as a result of counsel's deficient performance. This appeal followed.

## STANDARD OF REVIEW

As established in *Bowling v. Commonwealth*, 80 S.W.3d 405, 411-12 (Ky. 2002):

> The *Strickland* standard sets forth a two-prong test for ineffective assistance of counsel:
>
>> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
>
> *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. To show prejudice, the
>
>> defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is the probability sufficient to undermine the confidence in the outcome.
>
> *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068.

Both *Strickland* prongs must be met before relief may be granted. "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. In the case herein, it has already been determined that the performance of Mooney's trial counsel was deficient. Therefore, we must only review whether the trial court correctly determined that Mooney failed to demonstrate prejudice resulting from counsel's deficient performance.

To establish prejudice, a movant must show a reasonable probability exists that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694, 104 S.Ct. at 2068. In short, one must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*, 466 U.S. at 687, 104 S.Ct. at 2064.

**ANALYSIS**

On appeal, Mooney relies on the fact that both the trial court and another panel of our Court determined his trial counsel was deficient for failures concerning Sgt. Lutz's characterization of Mooney's veracity. Mooney argues the trial court abused its discretion on remand in finding these deficiencies were not prejudicial. Although Mooney believes the verdict could have been different had

counsel performed better or differently, his assertions are sheerly speculative. Mooney cannot rely solely on the mere presence of counsel's deficiencies to create a presumption of prejudice; prejudice must be shown by more than speculation. In this regard, Mooney falls short of his burden.

Mooney failed to establish the high bar of a substantial likelihood the jury would have returned a different verdict had counsel prevented and/or cured Sgt. Lutz's characterization of Mooney's version of events, as required to merit RCr 11.42 relief. Further, Mooney failed to demonstrate that the trial's outcome would have been any different had the jury heard an admonition to Sgt. Lutz's recorded interview, had counsel objected to Sgt. Lutz's testimony concerning Mooney's veracity, and/or had counsel not asked Sgt. Lutz to characterize Mooney's version of events. We will not search the record to construct Mooney's argument for him, nor will we go on a fishing expedition to find support for his underdeveloped arguments. "Even when briefs have been filed, a reviewing court will generally confine itself to errors pointed out in the briefs and will not search the record for errors." *Milby v. Mears*, 580 S.W.2d 724, 727 (Ky. App. 1979) (citation omitted).

Nevertheless, considering the record before us, it is clear the trial court did not err in determining that the overwhelming amount of testimony from multiple witnesses which contradicted Mooney's version of events—including his

own testimony at times—was the basis of his conviction.  Nor did the trial court err in finding that trial counsel's failures did not prejudice Mooney.  Furthermore, contrary to Mooney's assertions, the trial court did not apply the wrong standard in assessing whether counsel's actions constituted prejudice to Mooney.  On review, it is clear from the trial court's order that it applied the *Strickland* standard rather than one of palpable error.  Accordingly, the trial court did not err in denying Mooney RCr 11.42 relief.

## CONCLUSION

Therefore, and for the forgoing reasons, the order entered by the Hopkins Circuit Court is AFFIRMED.


ALL CONCUR.


BRIEF FOR APPELLANT:

Van Mooney, Jr., *pro se*
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Jeffrey A. Cross
Assistant Attorney General
Frankfort, Kentucky