RENDERED:  JANUARY 5, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1388-MR

COMMONWEALTH OF KENTUCKY                      APPELLANT


v.                  APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JULIE M. GOODMAN, JUDGE
ACTION NO. 20-CR-00945


TYRONE ANTOINNE HARTSFIELD                  APPELLEE


OPINION
REVERSING
AND REMANDING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND ECKERLE, JUDGES.

COMBS, JUDGE:  The Appellant, Commonwealth of Kentucky (Commonwealth),

has invoked KRS[1] 22A.020(4) to appeal the trial court's order denying its motion

*in limine* which sought to exclude the statement of a police officer on a recorded

---

[1] Kentucky Revised Statutes.

body camera video regarding the victim's truthfulness.  After our review, we reverse and remand.

As a preliminary matter, we first address the notice of appeal. The Commonwealth appeals as a matter of right pursuant to KRS 22A.020(4).  "[A]n interlocutory appeal, under KRS 22A.020, must be taken within 30 days from the date of notation of service of the judgment or order appealed." *Commonwealth v. West*, 147 S.W.3d 72, 73 (Ky. App. 2004).  The notice of appeal was timely filed on November 22, 2022, but it incorrectly identified the date of the order appealed from as November 9, 2022, instead of November 4, 2022.  This error does not affect the validity of the appeal, and we decline to take any action in that regard as permitted by the appellate rules. CR[2] 73.02(2), now RAP[3] 10(B).

On November 10, 2020, a Fayette County Grand Jury indicted the Appellee, Tyrone Hartsfield (Hartsfield), for first-degree rape, first-degree sodomy, first-degree strangulation, fourth-degree assault, third-degree terroristic threatening, and for being a first-degree persistent felony offender (PFO).

Prior to trial, the Commonwealth filed a motion *in limine* asking the trial court to "prevent witness's opinion about the truth of the testimony of another witness, specifically opinions of Lexington Police Officers heard in the Body

---

[2] Kentucky Rules of Civil Procedure.

[3] Kentucky Rules of Appellate Procedure.

Worn Camera worn by the Officers."  In response, Hartsfield requested that the Commonwealth's motion be denied and explained that "Defendant does not plan on presenting the police testimony at issue as expert witness testimony, but rather as lay witness testimony of opinion."

The matter was heard on October 27, 2022.

On November 4, 2022, while ruling on various motions, the trial court entered an order denying the Commonwealth's motion *in limine* concerning the body camera footage, reciting as follows:

> All charges [in the indictment] stemmed from alleged events occurring on or about September 6, 2020, at the Ramada Inn in Fayette County, Kentucky.
>
> At the time of the arrest, an officer responding to the scene from the Lexington Police Department (LPD) interviewed both the Defendant and the alleged victim. According to the parties, both interviews were recorded by a body camera worn by one of the responding officers. **The Commonwealth seeks to exclude the portion of that evidence during which one of the officers can be heard stating, under his breath, that he did not believe the alleged victim's account of the night's events**.  The Commonwealth seeks to exclude that portion, on the grounds that those comments amount to inadmissible opinion testimony by a lay witness that another witness's testimony is untruthful.
>
> . . .
>
> It is generally impermissible for a witness to characterize the testimony of another witness as "lying" or otherwise, *Lanham v Commonwealth*, 171 S.W.3d 14, 23 (Ky. 2005), as that determination is ordinarily within

the exclusive province of the jury. *Moss v. Commonwealth*, 949 S.W.2d 579, 583 (Ky. 1997); *see* KRS 608(a).

KRS 701, in turn, allows for opinion testimony by a lay witness under the following circumstances:

If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are:

(a) Rationally based on the perception of the witness;

(b) Helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and

(c) Not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In *Lanham v. Commonwealth*, the Kentucky Supreme Court expanded upon the aforementioned rules and held that portions of a defendant's videotaped interrogation, in which the officer repeatedly stated that the defendant was lying, were admissible subject to an admonition to the jury that the officer's comments are "offered solely to provide context to the defendant's relevant responses," and not offered as evidence to prove that the defendant was in fact lying during his interrogation. 171 S.W.3d 14, 26-28 (Ky. 2005). . . .

In regard to the Commonwealth's Motion in Limine as to the bodycam footage portraying on-scene interviews of both the alleged victim and the Defendant, **the Court holds that the facts in *Lanham v. Commonwealth* are sufficiently similar to the facts in the case at bar to be controlling authority over the issue at hand**. *See* 171 S.W.3d 19 (Ky. 2005).

-4-

Both Lanham [*sic*] and the present case involve situations wherein a party is seeking to exclude sections of a videotape depicting an interview, by a police officer. *Id*. In both cases, the officer made comments regarding his opinion of the interviewed person's truthfulness. *Id.* Unlike *Lanham*, in the case at bar the Commonwealth is attempting to exclude some of the bodycam footage, not the Defendant. For the same reasons the court in *Lanham* found it to be relevant and the best evidence, the Court here finds it to be equally relevant. Additionally, the bodycam footage in its entirety provides context both for the questions asked to the alleged victim and the alleged victim's responses to those questions, without it having to be played in a disruptive, piecemeal fashion to the jury. *Id*. at 27-28. The officer's comments are not evidence that the alleged victim was in fact lying during her police interview, but instead seeks only to put her responses in proper context. The fact that the officer's videotaped comment indicates skepticism toward the alleged victim's story does not by itself amount to an improper characterization of one witness by another witness as "lying" because, as in *Lanham*, the comments at issue were not made to any particular person and therefore "the officer is not trying to convince anyone . . . that the [witness] was lying." *Id*. at 27.

While the Court does recognize that the holding in *Lanham* was based partially on the fact that the officer's comments were part of a well-recognized interrogation tactic of criminal defendants aimed at getting them to tell the truth, the comments here are similar in that they involve an attempt by a responding officer to find probable cause, with the hope of eliciting responses sufficient to justify an arrest. *Id*. at 27.

In summary, therefore, the Court holds that the bodycam footage may be played to the jury in its entirety. Furthermore, if the Commonwealth requests an admonition to the jury, an appropriate one will be given.

-5-

(Emphases added) (footnotes omitted).

The Commonwealth appeals. It contends that the trial court's ruling allowing the body camera footage "runs afoul of our Supreme Court precedent and Kentucky's evidentiary rules on opinions that officers may provide to a jury." Our review of the rulings of a trial court on evidentiary issues is governed by the abuse-of-discretion standard; *i.e.*, whether the court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Carson v. Commonwealth*, 621 S.W.3d 443, 446 (Ky. 2021) (footnote omitted).

The Commonwealth principally argues that the trial court misapplied *Lanham.* In *Lanham*, the appellant argued that the trial court had improperly allowed the Commonwealth to play an unedited version of his audiotaped custodial interrogation of a defendant during which the detective repeatedly questioned Appellant as to whether Appellant was being truthful. *Id.* at 19. Our Supreme Court noted that it is generally improper for one witness to characterize the testimony of another witness as being either deceptive or truthful.

The *Lanham* case involved the particular context of custodial interrogation involving statements by police designed to elicit admissions rather than direct testimony by a police officer in a courtroom. The statements of the interrogating police officer in *Lanham* were suggestive rather than testimonial. The statements in the case now before us, however, are wholly testimonial in

nature.  The *Lanham* Court articulated this issue as follows:  "Whether this rule applies to non-testimonial statements . . . by a police officer during an interrogation of a criminal suspect as part of the overall interrogation technique . . . is a different and far more complex question."  *Id.* at 19.  Because the issue was one of first impression in Kentucky, the *Lanham* Court examined decisions from other states and concluded as follows:

> [S]uch comments are part of an interrogation technique aimed at showing the defendant that the officer recognizes the holes and contradictions in the defendant's story, thus urging him or her to tell the truth.
>
> This last point is perhaps most important, at least for the purpose of developing a rule that will address future instances of similar evidence.  Almost all of the courts that have considered the issue recognize that this form of questioning is a legitimate, effective interrogation tool.  And because such comments are such an integral part of the interrogation, several courts have noted that they provide a necessary context for the defendant's responses.  We agree that such recorded statements by the police during an interrogation are a legitimate, even ordinary, interrogation technique, especially when a suspect's story shifts and changes.  We also agree that retaining such comments in the version of the interrogation recording played for the jury is necessary to provide a context for the answers given by the suspect.

*Id.* at 27.  Significantly, the Court in *Lanham* noted that its "**holding in this case, and the rule that it establishes, is limited to the types of comments in this case, i.e., accusations by an officer that a defendant is not telling the truth**."  *Id.* at

29 (emphasis added). The context of custodial interrogation *versus* courtroom testimony is a critically discrete and serious distinction as the Court recognized.

By contrast, the case before us involves comments by an officer about *the victim's* truthfulness -- an even more unique twist to the admissibility issue. The parties have not cited any published authority directly on this point, and we have not located any. However, we have located two unpublished decisions holding that it was error to allow a jury to hear the portion of the defendant's taped interview in which the officer made statements about a victim's truthfulness. We find the reasoning in those decisions both relevant and persuasive.

In *Clark v. Commonwealth*, No. 2006-SC-000379-MR, 2008 WL 4692347 (Ky. Oct. 23, 2008), the trial court allowed an audiotape of the defendant's interview to be played for the jury, which included the police officer's remarks that he believed that the victim (L.C.) was telling the truth:

> In listening to this tape, the jury not only heard Clark's responses to Officer Combs's questions, but also heard Officer Combs's interrogation technique, which involved disclosing his opinion to Clark about the truthfulness of L.C.'s allegations. During the interview, Officer Combs stated that he believed "[L.C.] was telling the truth when she accused [Clark] of sexually abusing her and that he had never doubted what [L.C.] had told him had happened -- what had indeed occurred -- and that he could tell who was telling the truth." Clark objected to the admission of these statements at trial. The trial court overruled Clark's objection, agreeing with the Commonwealth that these statements were admissible because they reflected the context from which Clark

-8-

answered Officer Combs's questions.  On appeal, Clark argues that the introduction of Officer Combs's statements constituted reversible error because Officer Combs was permitted to vouch for the truthfulness of L.C., another witness at trial. . . .

*Id.* at \*4 (square brackets in original).

Our Supreme Court agreed that the court had erred and explained as

follows:

Officer Combs did not simply accuse Clark of lying, but rather, professed to know who was telling the truth and stated that the truthful person was L.C., whose allegations he had never doubted.  Thus, Officer Combs's statements go significantly further than those at issue in *Lanham*, and their admission cannot be justified based on the holding in that case.

**This Court has long condemned the practice of allowing one witness to vouch for the credibility of another witness**. *Bussey v. Commonwealth*, 797 S.W.2d 483, 484-485 (Ky.1990); *Moss v. Commonwealth*, 949 S.W.2d 579, 583 (Ky.1997) (stating that "[a] witness's opinion about the truth of the testimony of another witness is not permitted."); *Dickerson v. Commonwealth*, 174 S.W.3d 451, 472 (Ky.2005).  As noted previously, in expressly stating that he knew who was telling the truth, that he believed L.C.'s accusations were true, and that he never doubted what L.C. had told him, Officer Combs vouched for the credibility of L.C. who also testified at trial.  Thus, the trial court erred by admitting the audio recording of Clark's interview without first redacting Officer Combs's statements regarding his belief in L.C.'s veracity and his ability to tell who is and who is not telling the truth.  Furthermore, this error cannot be deemed harmless in Clark's case because the Commonwealth relied heavily on L.C.'s testimony to prove that Clark was guilty of rape, sodomy, and sexual

-9-

abuse. The fact that Officer Combs was permitted to improperly vouch for L.C.'s credibility likely affected the result of this proceeding and constitutes grounds for reversal.

*Id.* at \*5 (emphasis added) (footnote omitted).

In *Jackson v. Commonwealth*, No. 2009-CA-001120-MR, 2011 WL 112427 (Ky. App. Jan. 14, 2011), another panel of this Court concluded that the detective's statements that the **defendant** was lying were admissible under *Lanham*. However, the detective's statements about ***the victim's credibility*** were not:

> In a related argument, Jackson contends that the court erred in allowing an additional portion of the taped interview to be played. In that portion the detective states that [the victim] "has no reason to lie because she's embarrassed about it." Jackson asserts that this portion of the tape served to improperly bolster [the victim's] credibility. He further argues that this type of evidence is not admissible because it does not fall within the holding of the *Lanham* case.
>
> . . .
>
> The first question is whether any error occurred. In resolving this issue, we begin by looking at the *Lanham* case. While the Court in the *Lanham* case addressed circumstances where the questioning officer made statements relating to the defendant's credibility and held that such statements were admissible, it did not address circumstances where the questioning officer made statements **relating to the victim's credibility**. . . .
>
> . . .

-10-

"Generally, a witness may not vouch for the truthfulness of another witness." *Stringer v. Commonwealth*, 956 S.W.2d 883, 888 (Ky. 1997). *See also Lanham*, 171 S.W.3d at 23. Since our Supreme Court has not extended the holding of the *Lanham* case to this circumstance and has even specifically limited its holding to the circumstances present in that case, we decline to extend the rule as well. Thus, we conclude that it was error for the court to allow that portion of the taped interview as evidence.[4]

*Jackson*, 2011 WL 112427, at *3 (emphasis added).

We also decline to extend the rule in *Lanham* to the circumstances in the case before us. We hold that any comments made by an officer on the body camera video relating to the victim's credibility are inadmissible, and we conclude that the trial court erred in holding "that the bodycam footage may be played to the jury in its entirety." We need not address the remainder of the Commonwealth's arguments.

Accordingly, we reverse that portion of the trial court's order of November 4, 2022, denying the Commonwealth's motion *in limine* to exclude the body camera footage. We remand this matter to the trial court with the instruction to enter an order granting the Commonwealth's motion *in limine* as to the body

---

[4] However, in *Jackson* the error was not preserved and the Court concluded that it did not rise to the level of palpable error: "[C]onsidering the whole case, there is not a substantial possibility that the result would have been any different had that portion of the taped interview not been admitted." *Id.* at *4.

camera footage and prohibiting the introduction of any footage containing an officer's statements regarding the victim's credibility.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Emily Holt Rhorer
Lexington, Kentucky